# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

AMBER G. WEBER AND JOYCE
SPRAGIS

CIVIL ACTION

NUMBER 07-595-JJB-DLD

VERSUS

RAY L. STEVENSON, ET AL

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Baton Rouge, Louisiana, this ___21st___ day of November, 2007.


_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

FILED
U.S. DIST COURT
MIDDLE DIST OF LA

2007 NOV 26 P 2: 53

DEPUTY CLERK

| | |
|---|---|
| AMBER G. WEBER AND JOYCE SPRAGIS | CIVIL ACTION |
| | NUMBER 07-595-JJB-DLD |
| VERSUS | |
| RAY L. STEVENSON, ET AL | |

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on plaintiff's Motion to Remand (rec. doc. 4). The motion is opposed. The sole issue in dispute is whether there is a sufficient amount in controversy to support diversity jurisdiction pursuant to 28 U.S.C. §1332.

### Background and Argument

The plaintiffs filed suit in Louisiana state court, alleging personal injuries arising from an automobile accident. The petition listed damages suffered by each plaintiff as past and future physical pain and suffering, medical expenses, mental anguish, lost wages, loss of enjoyment of life, and impairment of earning capacity. The petition does not state what type of physical injuries were suffered by either plaintiff, does not request a trial by jury, and does not include any statement pursuant to La. C.C.P. art. 893(A)(1) that the amount in controversy was less than that required to support federal jurisdiction.

The defendant removed the matter to federal court, alleging that the court had diversity subject matter jurisdiction, as the parties were of diverse citizenship and it was facially apparent that the amount in controversy was sufficient due to the plaintiffs' failure to make an allegation that it was insufficient, as required by La.C.C.P. art. 893(A)(1).

In their motion to remand, the plaintiffs argue that federal court jurisdiction cannot be established simply from their failure to make an allegation as to the amount in

controversy pursuant to La. C.C.P. art. 893(A)(1).  The plaintiffs cite jurisprudence in support of their argument that silence alone as to the amount in controversy cannot support federal court jurisdiction.[1]  The plaintiffs argue that the defense knows nothing about the condition of the plaintiffs, other than that stated on the face of the petition, as no discovery has occurred at all.  Therefore, plaintiffs conclude, "based on the record as it exists at the present time, the defense has not come close to meeting its burden of proof."[2]

In opposition, the defendant argues that plaintiffs' failure to abide by La. C.C.P. art. 893(A)(1)'s pleading requirement supports a presumption that the amount in controversy meets the jurisdictional minimum.  The defendant cites jurisprudence that it states supports its argument that plaintiffs' failure to allege that the damages sought are below the jurisdictional minimum amounts to a concession that the requisite jurisdictional amount is met.[3]  The defendant also argues that the jurisprudence cited by plaintiffs is distinguishable, at least *Bertholot* is, because in *Bertholot* the plaintiff filed a post-removal stipulation that their damages were before the jurisdictional minimum, and in this matter the plaintiff have refused to execute such a stipulation.

---

[1]*Lilly v. Big E. Drilling Co.*, 2007 WL 2407254 (W.D.La.2007); *Berthelot v. Scottsdale Ins. Co.*, 2007 WL 716126 (E.D.La.2007).

[2]*Memorandum in Support of Motion to Remand* (rec. doc. 5), p. 4.

[3]*Defendant's Memorandum in Opposition to Motion to Remand*(rec. doc. 7), p. 4-5, citing *Chambers Medical Foundation v. Chambers*, 2006 WL 1895479 (W.D.La.); *Bruce v. Fisher*, 2006 WL 2505908 (W.D.La.2006); *Carrier v. Veolia Water North America Operating Services LLC*, 2007 WL 2350258 (W.D.La.2007); *Raggio, Cappel, Chozen & Berniard v. Hartford Steam Boiler Inspection and Ins. Co.*, 2006 WL 4059093 (W.D.La.2006); *Areno v. State Farm Fire & Cas.Co.*, 2007 WL 148694 (W.D.La. 2007); *Loftin v. Allstate Indem. Co.*, 2007 WL 891861 (W.D.La. 2007); *Sonnier v. Republic Fire & Casualty Insurance*, 2006 WL 3924238 (W.D.La. 2006).

**Governing Law**

The removing defendant bears the burden of establishing the existence of federal jurisdiction over the state court suit.  See, e.g., *Winters v. Diamond Shamrock Chemical Co.,* 149 F.3d 387, 397 (5th Cir. 1998).  It is axiomatic that the lower federal courts are courts of limited jurisdiction and may exercise only the jurisdiction that has been conferred by Congress. *E.g., Trizec Properties, Inc. v. U.S. Mineral Products Co.*, 974 F.2d 602, 604 (5th Cir. 1992).  Accordingly, there is a presumption against subject matter jurisdiction that must be rebutted by the removing defendant.  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).  When a case is removed on the basis of diversity jurisdiction, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory seventy-five thousand ($75,000) dollar jurisdictional amount at the time of removal.  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).  The defendant may make this showing either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold; or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that the requisite amount was in controversy. *Id.*

If the allegations in the state court petition and removal papers concerning the amount in controversy do not contain sufficient specificity and substance to support a finding that the jurisdictional amount requirement was satisfied at the time of removal, the Court may not consider facts developed after removal.  *Simon*, 193 F.3d at 851.  The removing defendant may rely, however, upon submissions filed after removal, so long as

the post-removal filing sets forth jurisdictional facts developed at the time of removal. *Simon,* 193 F.3d at 851 n.10; *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If the removing defendant fails to demonstrate, either from the petition or from facts developed at the time of removal, that it is more likely than not that the requisite amount was in controversy, a mere conclusory allegation in the notice of removal that the amount in controversy exceeds the jurisdictional minimum is insufficient to sustain jurisdiction. See, *e.g., Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565-66 (5th Cir. 1993).

If the plaintiff alleges in the state court petition that the amount in controversy does not exceed the minimum amount required for federal diversity jurisdiction, this allegation does not necessarily bar removal.  The defendant still can remove the case if it demonstrates by a preponderance of the evidence, under the foregoing standards, that the alleged damages exceeded the jurisdictional amount, unless the plaintiff then can establish to a legal certainty under state law that the limiting allegation in the petition prevents him from recovering more than the jurisdictional amount or from later amending the petition to seek more damages. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).  The issue of the binding effect of the limiting allegation becomes determinative, however, only if the case otherwise places seventy-five thousand dollars ($75,000) in controversy.

Similarly, a mere post-removal stipulation by the plaintiff that its damages do not exceed seventy-five thousand dollars ($75,000) generally will not defeat the removal, as post-removal events (short of the addition of a non-diverse party) cannot defeat jurisdiction

-4-

once obtained.  See, e.g., *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 ( 5th Cir. 2000); *Allen*, 63 F.3d at 1336. Jurisdiction may not be defeated by post-removal events such as an affidavit changing the amount in controversy.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U. S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).  While a plaintiff's post- removal stipulation to a lesser amount does not deprive the Court of jurisdiction once obtained, ( See, e.g., *Allen v. R & H Oil & Gas Company*, 63 F.3d 1326, 1336 (5th Cir. 1995)) a different situation arises when a post-removal affidavit is offered to clarify a previously uncertain jurisdictional issue such as the amount in controversy. *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A.*, 988 F. 2d 559 (5th Cir.1993).  In *ANPAC*, the Fifth Circuit held that a post- removal affidavit stipulating that the claim does not exceed the jurisdictional amount may be referred to when the amount in controversy is not clear in the petition or the notice of removal.

Louisiana Code of Civil Procedure article 893(A)(1) reads as follows:

A. (1) No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.

### Discussion

It is the removing defendant's burden to show that the amount in controversy is sufficient to support diversity.  In this case, that burden may be met only if it was facially

apparent that over seventy-five thousand dollars ($75,000) was in controversy at the time of removal, as no summary-judgment type evidence was submitted by the defendant in support of the removal.   Thus, the allegations made in the petition are critical to the analysis.

A review of the petition reveals that while the petition does contain a generic list of damages suffered, there is no indication whatsoever regarding the type of injuries either of the plaintiffs suffered. That is, the court cannot tell whether the injuries are more like sprained ankles or a broken backs.  The plaintiffs did not ask for a trial by jury, which is not determinative, but may be indicative, of a lessor amount in controversy.  In any case, it is impossible to even make an educated guess at an amount in controversy from the face of the petition.

The defendant's argument that the plaintiffs' failure to make an allegation in its petition that not more than seventy-five thousand ($75,000) dollars is in controversy requires a finding that over seventy-five ($ 75,000) dollars is in controversy is ultimately not convincing.  The courts have long held that an allegation in the petition that the amount in controversy is not more than seventy-five thousand dollars ($75,000) is not determinative of the amount in controversy and does not bar removal.  Likewise, the court is unwilling to hold that the *failure* to make such an allegation in the petition is determinative and permits removal.   If the mere failure to make such an allegation established federal court jurisdiction, then every state court petition inadvertently or otherwise failing to allege that the amount in controversy did not exceed seventy-five thousand dollars ($75,000),  would be immediately removable on the face of the petition, and thus would have to be removed within 30 days after service, or thereafter procedurally barred from removal.  In the big

picture, this interpretation would put an  enormous burden on defendants to remove questionable cases immediately, and would inundate federal courts with lawsuits below the jurisdictional minimum, simply because of a procedural omission in state court.

Therefore, the court finds that the plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy. There is so little information in the petition upon which to estimate the actual amount in controversy, a finding that the failure to include the "893" allegation resulted in the satisfaction of the jurisdictional minimum would be tantamount to finding that subject matter jurisdiction may obtain from a procedural omission, which is unsupportable.

Therefore, the court finds that it was not facially apparent that more likely than not over seventy-five thousand dollars ($75,000) was in controversy in this matter at the time of removal, and the court does not have diversity subject matter jurisdiction pursuant to 28 U.S.C. §1332.

*Conclusion*

For the reasons stated above,

**IT IS THE RECOMMENDATION** of the court that the plaintiff's Motion to Remand (rec. doc. 4), be **GRANTED** and this matter be remanded to the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana on the 21st day of November, 2007.

_____
MAGISTRATE JUDGE DOCIA L. DALBY

-7-